IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

GLEN E. IVORY                                                                         PLAINTIFF

v.                                       Case No. 4:18-cv-4104

RYAN D. MCCARTHY, Secretary of the Army,
United States Department of the Army; UNITED
STATES ARMY CORPS OF ENGINEERS,
Millwood Tri-Lakes Project                                                            DEFENDANTS

**ORDER**

Before the Court is Defendants' Motion to Exclude Expert Testimony and *Daubert* Challenge. (ECF No. 37). Plaintiff has not responded to the motion and the time to do so has passed.[1] The Court finds this matter ripe for consideration.

**BACKGROUND**

This is an employment discrimination action brought pursuant to Title VII, 42 U.S.C. § 2000e, the Federal Age Discrimination in Employment Act, 29 U.S.C. § 621, and the Arkansas Civil Rights Act, Ark. Code Ann. § 16-123-101, *et seq*. Plaintiff was employed by Defendants as a maintenance worker and groundskeeper on a part-time basis. Plaintiff alleges that he was not promoted to a permanent position on account of his race and age.[2]

At trial, Plaintiff intends to offer the expert testimony of Reverend Lorenzo Kelly, Sr., regarding Plaintiff's alleged mental and emotional distress. On February 18, 2020, Defendants filed the instant motion, seeking to exclude Rev. Kelly as an expert witness. Specifically, Defendants argue that Rev. Kelly is not qualified to offer expert testimony as to Plaintiff's mental state or alleged mental anguish damages.

---

[1] *See* Local Rule 7.2.
[2] Plaintiff is an African American. At the time he filed his Complaint, he was fifty-four years old. (ECF No. 1, p.1).

## DISCUSSION

The Court's starting point for determining the admissibility of expert testimony is Federal Rule of Evidence 702, which provides a three-part test:

> First, evidence based on scientific, technical, or other specialized knowledge must be useful to the finder of fact in deciding the ultimate issue of fact. This is the basic rule of relevancy. Second, the proposed witness must be qualified to assist the finder of fact. Third, the proposed evidence must be reliable or trustworthy in an evidentiary sense, so that, if the finder of fact accepts it as true, it provides the assistance the finder of fact requires.

*Lauzon v. Senco Prods., Inc.*, 270 F.3d 681, 686 (8th Cir. 2001) (internal citation and quotation omitted).

Under *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), the Court is to perform a "gatekeeping" function and insure that proffered expert testimony is both relevant and reliable. *See Penney v. Praxair, Inc.*, 116 F.3d 330, 333 (8th Cir. 1997). The proponent of the expert testimony has the burden of establishing by a preponderance of the evidence that the expert is qualified, that his methodology is scientifically valid, and that "the reasoning or methodology in question is applied properly to the facts in issue." *Marmo v. Tyson Fresh Meats, Inc.*, 457 F.3d 748, 757-58 (8th Cir. 2006).

Upon consideration, the Court agrees with Defendants that Rev. Kelly is not qualified to offer expert testimony as to Plaintiff's mental state or alleged mental anguish damages. Rev. Kelly is not a psychiatrist or licensed counselor and, to the Court's knowledge, does not hold any other credentials that would qualify him to opine on the cause of Plaintiff's alleged mental and emotional distress. Plaintiff has offered no argument that Rev. Kelly is otherwise qualified to offer expert testimony. Moreover, Rev. Kelly admits that he is not a professional that can opine on Plaintiff's emotional damages. (ECF No. 37-1).

Accordingly, the Court finds that Rev. Kelly should be excluded as an expert witness.

**CONCLUSION**

For the foregoing reasons, the Court finds that Defendants' Motion to Exclude Expert Testimony and *Daubert* Challenge (ECF No. 37) should be and hereby is **GRANTED**. Rev. Kelly will not be allowed to testify as an expert at trial.

**IT IS SO ORDERED**, this 10th day of March, 2020.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge