IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

GLEN E. IVORY   PLAINTIFF

v.   Case No. 4:18-cv-4104

MARK T. ESPER, Secretary of the Army,
United States Department of the Army; UNITED
STATES ARMY CORPS OF ENGINEERS,
Millwood Tri-Lakes Project   DEFENDANTS

## ORDER

Before the Court is Plaintiff's Motion in Limine. (ECF No. 60). Defendants have responded. (ECF No. 64). Plaintiff has replied. (ECF No. 66). The Court finds this matter ripe for consideration.

## BACKGROUND

This is an employment discrimination action brought pursuant to Title VII, 42 U.S.C. § 2000e, the Federal Age Discrimination in Employment Act, 29 U.S.C. § 621, and the Arkansas Civil Rights Act, Ark. Code Ann. § 16-123-101, *et seq*. Plaintiff was employed by Defendants as a maintenance worker and groundskeeper on a part-time basis. Plaintiff alleges that he was not promoted to a permanent position on account of his race and age.[1] The trial of this matter is currently set for the week of October 26, 2020. On March 2, 2020, Plaintiff filed the instant motion in limine, which Defendants largely oppose.

## DISCUSSION

In the instant motion, Plaintiff does not ask the Court to exclude certain evidence. Rather, Plaintiff asks the Court to require Defendants to approach the bench and obtain approval before

---

[1] Plaintiff is African American. At the time he filed his Complaint, he was fifty-four years old. (ECF No. 1, p.1).

referencing certain types of evidence. Consequently, the Court couches its rulings in terms of whether the parties should approach, instead of whether certain evidence is excluded.

Several of Plaintiff's requests in the instant motion are non-specific and amount to asking the Court to order Defendants to follow the rules of evidence. Courts look with disfavor on motions in limine "the gist of which is that the opposing party should be required to comply with the rules of evidence . . . without identifying specific evidence which there is reason to believe may be introduced." *Graham v. Union Pac. R.R. Co.*, 2008 WL 4643292, at *1 (E.D. Ark. Oct. 17, 2008). A motion "seeking to prohibit generic, unspecified 'prejudicial' testimony [is] not useful" and "is properly denied." *United States v. Enns*, No. 15-10045-JTM, 2015 WL 8770006, at *1 (D. Kan. Dec. 14, 2015). Accordingly, the Court will deny any requests that Defendants follow the rules of evidence and that do not cite to specific evidence expected to be introduced at trial. Moreover, the Court expects the parties to comply with its instructions and the Federal Rules of Evidence at all times.

The Court will now proceed by separately addressing each type of evidence at issue in this motion.

**A. Collateral Source**

Plaintiff asks the Court to require Defendants to approach the bench and obtain permission before referencing that Plaintiff "has received, has been entitled to receive, will receive, or will become entitled to receive benefits of any kind or character from a collateral source, including but not limited to collateral insurance coverage or to receive services rendered without charge or compensation (this includes, but is not limited to, military benefits)."[2]

Defendants argue that Plaintiff must prove damages, must mitigate his damages, and that

---
[2] The parties refer to "military benefits" and "VA benefits" interchangeably.

they have a right to defend against damages asserted. Defendants contend that Plaintiff's entitlement to unemployment benefits must be utilized in determining the Plaintiff's potential recovery of back pay or front pay. Defendants further argue that Plaintiff cannot assert damages for past or future medical bills because: (1) Plaintiff has not produced any evidence of such during discovery, and (2) the Plaintiff is entitled to VA benefits as his income is below a certain threshold.

The Court agrees that Plaintiff must prove damages, must mitigate his damages, and that Defendants have a right to defend against damages asserted. However, unemployment benefits cannot be deducted from damage awards in employment discrimination cases. *See Gaworski v. ITT Commercial Fin. Corp.*, 17 F.3d 1104, 1114 (8th Cir. 1994). Plaintiff has also not asserted a claim for past or future medical bills, and therefore, the fact that he receives VA benefits is irrelevant to any issue in the case. Plaintiff's request is **GRANTED** on this point. Defendants will approach the bench and obtain the Court's permission before making any reference that Plaintiff has received, has been entitled to receive, will receive, or will become entitled to receive benefits of any kind or character from a collateral source, including but not limited to collateral insurance coverage or to receive services rendered without charge or compensation, including military benefits.

### B. Reference to Objections

Plaintiff asks the Court to require Defendants to approach the bench and obtain permission before referencing any objections made by Plaintiff. Defendants do not oppose this request. Plaintiff's request is **GRANTED** on this point. Defendants will approach the bench and obtain the Court's permission before making any reference to Plaintiff's objections.

### C. Reference that Plaintiff has Failed to Call a Witness

Plaintiff asks the Court to require Defendants to approach the bench and obtain permission

before making any reference that Plaintiff has failed to call a witness. Plaintiff, without elaborating, contends that "[s]uch testimony where Plaintiff has no control over an absent witness is irrelevant and unduly prejudicial." Defendants argue: (1) that under the "missing witness rule" they are allowed to make adverse inferences from an opposing party's failure to call a witness; and (2) that they are allowed to mention missing witnesses to comment on a lack of evidence presented by Plaintiff.

The "missing witness" rule in civil cases permits a party to make adverse inferences—i.e., that an uncalled witness's testimony would have been unfavorable to the opposing party—from an opposing party's failure to produce an important witness. *United States v. Motor Vessel Gopher State*, 614 F.2d 1186, 1189 (8th Cir. 1980). A party may make such arguments if: (1) the missing witness is available, and (2) that witness would have testified on a material issue in the case. *Kostelec v. State Farm Fire & Cas. Co.*, 64 F.3d 1220, 1229 (8th Cir.1995). Moreover, parties are allowed to reference a missing witness to comment on a lack of evidence concerning an issue which an opposing party bears the burden of proof. *Sylla-Sawdon v. Uniroyal Goodrich Tire Co.*, 47 F.3d 277, 285 (8th Cir. 1995).

Plaintiff has not identified any potential missing witness or explained why their testimony would be unduly prejudicial. Thus, the Court lacks sufficient information at this juncture to decide whether Defendant should be permitted to make adverse inferences relating to missing witnesses. Plaintiff's request is **DENIED** on this point. Plaintiff may renew his objection with specificity at trial. Defendants will be allowed to reference missing witnesses in the context of commenting on a lack of evidence presented by Plaintiff in proving his case.

### D. Exhibits, Demonstrative Aids, or Other Materials

Plaintiff asks the Court to require Defendants to approach the bench and obtain permission

before displaying any exhibits, demonstrative aids, or other materials until the same has been shown to counsel for Plaintiff outside the presence of the jury and admitted into evidence. The parties will follow the rules of evidence and the Court's instructions regarding the handling of evidence. Plaintiff's request is **DENIED** on this point.

### E. Improperly Disclosed Witnesses

Plaintiff asks the Court to require Defendants to approach the bench and obtain permission before making any attempt to call a witness whom Defendants have failed to provide current residence addresses and phone numbers for in Defendants' Initial Disclosures or supplements thereafter.

Plaintiff has not designated any specific witness they believe to be improperly disclosed. As such, the Court does not know whether Defendants intend to call any undisclosed witnesses and does not have enough information to determine whether any such witness's statements could be admissible. Plaintiff's request on this point is **DENIED**. However, Plaintiff may renew this objection with specificity at trial.

### F. References to Motions in Limine

Plaintiff asks the Court to require Defendants to approach the bench and obtain permission before referencing this or any other motion in limine. Defendants state that they have no intention of mentioning any motions in limine. The Court expects the parties to follow the rules of evidence and refrain from mentioning motions in limine in the jury's presence. Plaintiff's request is **DENIED** on this point.

### G. References to Settlement Discussions

Plaintiff asks the Court to require Defendants to approach the bench and obtain permission before making any reference to settlement discussions, and any reference that Plaintiff did not

settle. The parties will follow the rules of evidence and refrain from mentioning any settlement discussions. *See* Fed. R. Evid. 408. Plaintiff's request is **DENIED** on this point.

### H. Photographs of Plaintiff Allegedly Sleeping

Plaintiff asks the Court to require Defendants to approach the bench and obtain permission before making any reference to a photograph of Plaintiff with his eyes closed purportedly sleeping at work. Plaintiff states, without elaborating, that the photograph cannot be properly authenticated, is irrelevant, and is highly prejudicial. Defendants contend that they have a witness who can properly authenticate the photograph and that evidence of Plaintiff purportedly sleeping on the job is highly relevant in an employment case such as this.

The parties have not provided the Court with copies of the photograph at issue. Plaintiff has also not provided any argument as to why the photograph is unfairly prejudicial or as to why it cannot be authenticated. Plaintiff's request is **GRANTED** on this point. Defendants are instructed to approach the bench and seek a ruling on the admissibility of any photographs that depict Plaintiff purportedly sleeping before making any reference to the same.

## CONCLUSION

As set out above, Plaintiff's Motion in Limine (ECF No. 60) is hereby **GRANTED IN PART AND DENIED IN PART**.

**IT IS SO ORDERED**, this 1st day of April, 2020.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge
