IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

GLEN E. IVORY                                                                                                    PLAINTIFF

v.                                            Case No. 4:18-cv-4104

MARK T. ESPER, *et al.*                                                                              DEFENDANTS

## ORDER

Before the Court is Defendants' Objections (ECF No. 77) to Plaintiff's Pretrial Disclosures (ECF Nos. 74 and 75). Specifically, the Court is addressing Defendants' objection to Plaintiff's proposed use of the deposition of Tony Porter at trial (ECF No. 75-2) in place of live testimony. The Court makes the following ruling regarding Defendant's objection to Plaintiff's use of Tony Porter's deposition at trial:

Defendants' objection to Plaintiff's use of the deposition testimony of Tony Porter at trial is **SUSTAINED**.

Courts have a strong preference for live testimony from a witness when they are available. *See Dhyne v. Meiners Thriftway, Inc.*, 184 F.3d 983, 989-90 (8th Cir. 1991) (citations omitted). Plaintiff has not made an adequate showing as to why Mr. Porter's deposition testimony is to be used instead of calling him as a witness. Plaintiff's only offered justification is that Mr. Porter stated during his deposition he was being transferred to work in Little Rock, Arkansas, which is greater than 100 miles from Texarkana and therefore puts him outside the subpoena range of Federal Rule of Civil Procedure 45(c)(1)(A). ECF No. 81, p. 1-2. The Court does not view this answer from a deposition taken over two years ago as sufficient to excuse Plaintiff from even attempting to have Mr. Porter testify live. Plaintiff never gives Mr. Porter's current residence when explaining why he is outside of subpoena range and never states that he has attempted to

subpoena Mr. Porter.  Plaintiff also gives the conclusory assertion that Mr. Porter is not available under Federal Rule of Civil Procedure 45(c)(1)(B) without giving any underlying facts to support the contention that Mr. Porter would incur substantial expense in testifying.  *Id*.  Defendants indicate that Plaintiff never requested information as to Mr. Porter's residence or any other information regarding his appearance at trial, which Plaintiff did for other witnesses of the Defendants.  ECF No. 85, p. 5-6.  Consequently, Plaintiff has failed to offer sufficient reasons to allow the Court to find that Mr. Porter cannot be subpoenaed for trial pursuant to Federal Rule of Civil Procedure 45(c)(1), or that he is an unavailable witness pursuant to Federal Rule of Civil Procedure 32(a)(4).  Accordingly, Plaintiff cannot offer the deposition testimony of Mr. Porter as a substitute for his live testimony.  Defendants also offered counter-designations to the deposition testimony of Mr. Porter (ECF No.77-2) in the alternative, which are now moot.

For the reasons stated above, Defendants' Objection to the use of Mr. Porter's deposition testimony at trial (ECF No. 77, p. 1-2) is **SUSTAINED**.  Plaintiff cannot offer Mr. Porter's deposition testimony at trial as a substitute for his live testimony.  Defendant's Counter-Designations for Mr. Porter's deposition testimony (ECF No. 77-2) are hereby **MOOT**.

**IT IS SO ORDERED**, this 7th day of December, 2021.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge