IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

GLEN E. IVORY                                                                                                    PLAINTIFF

v.                                                    Case No. 4:18-cv-4104

MARK T. ESPER, *et al*.                                                                                   DEFENDANTS

## ORDER

Before the Court is Plaintiff's Motion in Limine. ECF No. 79. Defendants have responded. ECF No. 83. Plaintiff has replied. ECF No. 86. The Court finds the matter ripe for consideration.

### I. BACKGROUND

Plaintiff has brought four claims against the Defendants: 1) racial discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*.; 2) age discrimination in violation of the Federal Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq*.; 3) racial discrimination in violation of the Arkansas Civil Rights Act, Ark. Code Ann. § 16-123-107; and 4) harassment motivated by racial animosity in violation of the Arkansas Civil Rights Act, § 16-123-107. ECF No. 1, p. 7-11. The factual allegations underlying the claims relate to Plaintiff not being hired or promoted for a newly open position with the U.S. Army Corps of Engineers, Millwood Tri-Lakes Project. *Id*. at p. 3-7.

Plaintiff has filed his motion in limine to bar certain evidence that he deems irrelevant and overly prejudicial and evidence he considers hearsay and overly prejudicial. Specifically, Plaintiff moves to bar any of Defendants' witnesses from testifying as to Plaintiff sleeping at work, from testifying as to their knowledge of two different photographs that allegedly portray Plaintiff asleep at work, and from testifying as to hearsay from another employee regarding harassing statements made by Plaintiff. ECF No. 79, p. 1-2. The Government has responded in opposition, arguing

that the evidence Plaintiff moves to exclude regarding Plaintiff asleep at work is relevant for Defendants' defense and not overly prejudicial. ECF No. 83, p. 1-2. However, the Government states that it does not object to the exclusion of evidence related to any harassment allegations made by another employee against Plaintiff. *Id*. at p. 2. Plaintiff's reply asserts that the evidence regarding Plaintiff asleep at work is not truly relevant to the matter of why Plaintiff was not hired and would only serve to prejudice the jury against Plaintiff. ECF No. 86, p. 1-3.

## II. DISCUSSION

### A. Evidence Regarding Plaintiff Asleep at Work

"Evidence is relevant if it has any tendency to make a fact more or less probable than it would be without the evidence." *See* Fed. R. Evid. 401. Relevant evidence may be excluded by a court if its probative value is substantially outweighed by the unfair prejudice it may cause a party. *See* Fed. R. Evid. 403. Evidence is unfairly prejudicial when it encourages a jury to make a determination from improper reasoning or an improper basis. *See U.S. v. Looking Cloud*, 419 F.3d 781, 785 (8th Cir. 2005) (citations omitted). Evidence is not prejudicial simply because it is detrimental to a party's case. *See U.S. v. Betcher*, 534 F.3d 820, 825 (8th Cir. 2008) (citation omitted). Rather, Rule 403 excludes unfairly prejudicial evidence that is so inflammatory that it moves a jury's focus away from material issues. *See id*. (citations omitted). "Consistent with the requirement that the overbalance must be substantial, we have said: 'In weighing the probative value of evidence against the dangers and considerations enumerated in Rule 403, the general rule is that the balance should be struck in favor of admission.'" *Block v. R.H. Macy & Co., Inc.*, 712 F.2d 1241, 1244 (8th Cir. 1983) (quotation omitted).

Plaintiff argues that all references to Plaintiff sleeping at work, references to a photograph allegedly showing Plaintiff sleeping at work, or references to a separate undisclosed photograph

2

of Plaintiff sleeping at work should be excluded because it is irrelevant and overly prejudicial. ECF No. 79, p. 1-2. Plaintiff states that Defendant has not asserted any defense to Plaintiff's claims to which Plaintiff sleeping at work is relevant. Plaintiff further contends that the sleeping is irrelevant because this action was never addressed during his employment through counseling or discipline, even though it was a terminable offense. Plaintiff states that the only function of this irrelevant evidence is to unfairly prejudice the jury against the Plaintiff and distract from the substance of Plaintiff's claims.

Defendants argues that any of the proposed references to Plaintiff sleeping at work serve to support a defense that will be presented by Defendants. ECF No. 83, p. 1-2. The Defendants state that the *McDonnel Douglas*[1] burden shifting analysis used in employment discrimination cases makes this evidence relevant because they will use it to attempt to show that Plaintiff was not hired for the new position for a reason disconnected from his race or age. The Defendants further state that any potential unfair prejudice this evidence may cause is overshadowed by the probative value of the evidence in establishing that defense. The Defendants also note that they do not plan on introducing one of the photos of Plaintiff sleeping, but they contend that eyewitness testimony to that instance is nevertheless appropriate.

Plaintiff's reply argues that references to his sleeping at work are incompatible with the defense that the Defendants can present. ECF No. 86, p. 2-3. Plaintiff cites to excerpts from the deposition of Frankie Johnson (ECF No. 86-1) to assert that the process for selecting the individual for the open position relied entirely on scoring their resume. Therefore, Plaintiff contends that the

---

[1] This burden shifting analysis comes from *McDonnel Douglas Corp. v. Green* and holds that once a plaintiff has established a prima facie case of discrimination related to an adverse employment action, the defendant must be given an opportunity to demonstrate that the action was based non-discriminatory reasons. 411 U.S. 792, 802-04 (1973).

references to him sleeping at work are not relevant to the defense proposed by Defendants because it would not have been considered in the candidate selection.

The Court finds that the various potential references to Plaintiff sleeping at work are permissible for the defense proposed by Defendants. The Defendants wish to offer evidence of Plaintiff sleeping at work as an alternative reason for not hiring Plaintiff to the new position. Presenting alternative reasons for an adverse employment action after a plaintiff has made a prima facie case for discrimination is appropriate for these claims under *McDonnel Douglas* and therefore relevant. *See* Fed. R. Evid. 401; *McDonnel Douglas Corp.*, 411 U.S. at 802-04. The Court is not persuaded by Plaintiff's argument that it is factually settled that Defendants cannot contend that these instances were considered during hiring. The excerpts from Frankie Johnson's deposition (ECF No. 86-1) that Plaintiff highlights give somewhat contradictory answers as to the considerations for hiring and the Court does not view this as a settled factual issue. The Court also finds that these references should not be excluded for being overly prejudicial under Federal Rule of Evidence 403. While the references to Plaintiff sleeping may have some prejudicial impact, the potential relevance of the references to Defendants' defense and the general rule favoring admissibility leads the Court to find that the probative value exceeds the prejudicial concerns. *See Block*, 712 F.2d at 1244. Accordingly, the Court must deny Plaintiff's request to have various references to Plaintiff sleeping at work excluded.

**B. References to Harassment Claims Against Plaintiff**

Plaintiff also moves to exclude references by any of Defendants' witnesses as to harassing statements Plaintiff allegedly made to a co-worker. ECF No. 79, p.4. The Government states that it does not object to this aspect of Plaintiff's motion in limine being granted. ECF No. 83, p. 2.

Accordingly, the Court will grant Plaintiff's request that Defendants' witnesses be barred from all references to harassment allegations made by a co-worker against Plaintiff.

### III. Conclusion

For the reasons stated above, the Court finds that Plaintiff's Motion in Limine (ECF No. 79) should be and hereby is **GRANTED IN PART** and **DENIED IN PART**. Defendants' witnesses are barred from references to harassment allegations made against Plaintiff by a co-worker. Defendants' witnesses are not barred from the references to Plaintiff sleeping at work that Plaintiff sought to exclude in the instant motion.

**IT IS SO ORDERED**, this 8th day of December, 2021.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge
