IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

GLEN E. IVORY                                                                                     PLAINTIFF

v.                                           Case No. 4:18-cv-4104

MARK T. ESPER, *et al*.                                                                  DEFENDANTS

## ORDER

Before the Court is the Defendants' Motion in Limine. ECF No. 84. Plaintiff has responded. ECF No. 87. The Court finds the matter ripe for consideration.

### I. BACKGROUND

Plaintiff has brought four claims against the Defendants: 1) racial discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*.; 2) age discrimination in violation of the Federal Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq*.; 3) racial discrimination in violation of the Arkansas Civil Rights Act, Ark. Code Ann. § 16-123-107; and 4) harassment motivated by racial animosity in violation of the Arkansas Civil Rights Act, § 16-123-107. ECF No. 1, p. 7-11. The factual allegations underlying the claims relate to Plaintiff not being hired or promoted for a newly open position with the U.S. Army Corps of Engineers, Millwood Tri-Lakes Project. *Id*. at p. 3-7.

Defendants have filed their motion in limine to bar certain evidence it deems overly prejudicial, irrelevant, and improper impeachment evidence. Specifically, Defendants moves to bar: 1) testimony from Tony Porter regarding F.B.I. investigations into him and his involuntary transfer to work in Little Rock; 2) testimony from Frankie Johnson regarding a letter of reprimand he received in 2004; and 3) testimony from James Green regarding the amount of resumes he scored. ECF No. 85, p. 3-8. Plaintiff has responded in opposition to each request by Defendants,

arguing that all the testimony highlighted is relevant or proper for impeachment purposes. ECF No. 87.

## II. DISCUSSION

"Evidence is relevant if it has any tendency to make a fact more or less probable than it would be without the evidence." *See* Fed. R. Evid. 401. Relevant evidence may be excluded by a court if its probative value is substantially outweighed by the unfair prejudice it may cause a party or the confusion it creates. *See* Fed. R. Evid. 403. Evidence is unfairly prejudicial when it encourages a jury to make a determination from improper reasoning or an improper basis. *See U.S. v. Looking Cloud*, 419 F.3d 781, 785 (8th Cir. 2005) (citations omitted). Evidence is not prejudicial simply because it is detrimental to a party's case. *See U.S. v. Betcher*, 534 F.3d 820, 825 (8th Cir. 2008) (citation omitted). Rather, Rule 403 excludes unfairly prejudicial evidence that is so inflammatory that it moves a jury's focus away from material issues. *See id*. (citations omitted). "Consistent with the requirement that the overbalance must be substantial, we have said: 'In weighing the probative value of evidence against the dangers and considerations enumerated in Rule 403, the general rule is that the balance should be struck in favor of admission.'" *Block v. R.H. Macy & Co., Inc.*, 712 F.2d 1241, 1244 (8th Cir. 1983) (quotation omitted).

"[E]xtrinsic evidence is not admissible to prove specific instances of a witness's conduct in order to attack or support the witness's character for truthfulness. But the court may, on cross-examination, allow them to be inquired into if they are probative of the character for truthfulness or untruthfulness of the witness." Fed. R. Evid. 608(b)(1). "Rule 608(b) will permit inquiry into the specific acts which may have led to an arrest if those acts related to *crimen falsi, e.g.,* perjury, subornation of perjury, false statement, embezzlement, false pretenses." *U.S. v. Amahia*, 825 F.2d 177, 181 (8th Cir. 1987) (citing *United States v. Dennis*, 625 F.2d 782, 798 (8th Cir. 1980)). "The

court balances a question's relevance to honesty and veracity with its prejudicial impact." *Dennis*, 625 F.2d at 798 (citation omitted).

### A. Testimony of Tony Porter Regarding Investigations and Transfers

The Court previously determined that Tony Porter's deposition testimony cannot be substituted for his live testimony at trial. ECF No. 89. The Court's analysis of this aspect of Defendants' motion in limine addresses the possibility that Mr. Porter testifies at trial and questioning on this topic is repeated.

Defendants argue that testimony from Tony Porter's deposition that has been designated by Plaintiff in his pretrial disclosure (ECF No. 75-2) should be barred. ECF No. 85, p. 3-6. This testimony includes questioning regarding criminal investigations involving Mr. Porter and testimony regarding Mr. Porter's involuntary transfer to the Little Rock, Arkansas District Office. Defendants generally argue that this questioning is not relevant to Plaintiff's claims. The Defendants further argue that the questioning regarding the criminal investigation is improper impeachment evidence and overly prejudicial. Defendants contend that the questions regarding the criminal investigation will serve no purpose other than to paint Mr. Porter and the Corps of Engineers in poor light and prejudice the jury against Defendants. Defendants argue that the questioning regarding Mr. Porter's involuntary transfer should be barred for similar reasons.

Plaintiff's response in opposition argues that the deposition testimony of Mr. Porter regarding the investigation and transfer are probative of his credibility and that Plaintiff should be permitted to inquire into those matters on cross-examination. ECF No. 87, p. 1-5. Plaintiff notes that Mr. Porter's testimony confirmed that the investigation involves contract irregularities at MillWood TriLakes, which Plaintiff contends could involve untruthfulness on the part of Mr. Porter. Plaintiff also contends that Mr. Porter's deposition answers indicate that the involuntary

transfer to Little Rock was related to the investigation. Plaintiff concludes that these topics and line of questioning are permitted on cross-examination to shed light on Mr. Porter's credibility.

The Court finds that this questioning, to the extent it may be replicated through Mr. Porter's live testimony, should be excluded. Plaintiff has not offered sufficient facts to support his contention that these specific instances of conduct are probative of Mr. Porter's truthfulness and credibility. Plaintiff asserts that the investigation and subsequent transfer relate to contract irregularities and could involve untruthfulness, but offers few underlying facts about Mr. Porter's actual conduct to suggest that this topic is genuinely probative of his truthfulness. Plaintiff also explicitly states that he does not know the outcome of the investigation into Mr. Porter and if he was found to be guilty of any wrongdoing. ECF No. 87, p. 2-3. The Court requires a more direct link between an investigated crime involving a witness and that crime's suggestion of falsity and deceit before permitting questions into the conduct underlying the investigation. *See Amahia*, 825 F.2d at 181 (even the conduct underlying a witness's arrest must have a direct connection to a crime involving deception before it can be broached on cross-examination pursuant to Rule 608(b)). Whatever the topics of the investigation and resulting transfer might suggest of Mr. Porter's credibility, the Court finds that the potential prejudicial impact of questioning regarding those topics substantially outweighs their probative value toward credibility. *See Dennis*, 625 F.2d at 798. Accordingly, the Court finds that questioning regarding Mr. Porter's involvement in a criminal investigation and the resulting transfer should be excluded if Mr. Porter testifies at trial.

**B. Testimony of Frankie Johnson Regarding a Letter of Reprimand**

Defendants seek to exclude Plaintiff from eliciting any testimony from Frankie Johnson regarding a letter of reprimand he received from the Corps of Engineers in 2003 or 2004. ECF No. 85, p. 6-7. Defendants argue that this topic is irrelevant to Plaintiff's claims, is improper

impeachment evidence, and is overly prejudicial. Defendants note that this letter of reprimand resulted from Mr. Johnson sending low value equipment from Iraq to the Millwood facility without authorization during a deployment. The Government contends that this in no way involves lying or deceit by Mr. Johnson. Defendants further note that the letter is nearly two-decades old and contend that this makes it even less relevant than it would be without considering its age. Therefore, Defendants conclude that this letter has no relevance on Plaintiff's claims, that in no way does it support impeaching Mr. Johnson's credibility, and that it would be overly prejudicial to allow questioning Mr. Johnson on this topic.

Plaintiff argues that the letter of reprimand is an appropriate topic for impeaching the credibility of Mr. Johnson. ECF No. 87, p. 5. Plaintiff contends that the letter clearly indicates Mr. Johnson gives himself authority he has no right to wield and that he casually disregards rules. Therefore, Plaintiff concludes that questioning Mr. Johnson about the letter on cross examination is a permitted inquiry into past conduct relevant to credibility.

The Court finds that questioning regarding the letter of reprimand should be excluded. The background conduct underlying the letter of reprimand is too detached from conduct involving deceit to be sufficiently probative of Mr. Johnson's credibility on cross examination. *See Dennis*, 625 F.2d at 798 (questioning regarding the conduct underlying an arrest for civil tax problems was properly excluded because that cannot be considered conduct indicative of truthfulness pursuant to Fed. R. Evid. 608(b)). The age of the letter also weighs against the probative value it might have toward Mr. Johnson's credibility. *See U.S. v. McClintic*, 570 F.2d 685, 691 n.6 (8th Cir. 1978) (the remoteness in time of evidence towards credibility is a consideration relevant to that evidence's probative value). Without being appropriately probative toward his credibility for impeachment purposes under Rule 608(b), this letter of reprimand's impact is almost exclusively

5

prejudicial. Accordingly, the Court finds that it must exclude questioning regarding the letter of reprimand Mr. Johnson received from the Corps of Engineers. *Betcher*, 534 F.3d at 825.

### C. Testimony from James Green Regarding Resume Scoring

Defendants seek to bar Plaintiff from soliciting testimony from James Green regarding the amount of resumes he scored during the process of choosing applicants for the position that is at issue in this matter. ECF No. 85, p. 7-8. Defendants note that Mr. Green was one of three panel members who evaluated resumes from the applicant pool for the position. Defendants further note that the Corps of Engineers investigative file provided to Plaintiff only included the top four candidates, including Plaintiff, that were scored by Mr. Green. Defendants contend that this led to Plaintiff questioning Mr. Green during his deposition about the number of resumes he evaluated and scored, and that Mr. Green did not recall the number.[1] Defendants further contend that Plaintiffs will use the deposition testimony to show Mr. Green only scored four resumes, even though Mr. Green actually scored eighteen. Defendants note that Plaintiff never requested the fourteen other resumes Mr. Green scored, which are in Defendants' possession. Defendants argue that allowing Plaintiff to attempt to impeach Mr. Green with the deposition testimony on the amount of resumes he scored would unfairly confuse the jury. Defendants further argue that the potentially contested difference in the amount of resumes scored by Mr. Green is ultimately not relevant to Plaintiff's discrimination claims.

Plaintiff argues that questioning Mr. Green about the number of resumes he scored should be permitted because of the potential discrepancy between his sworn deposition testimony and the

---

[1] The questioning from Mr. Green's deposition highlighted by Plaintiff in his response (ECF No. 87, p. 6) reads as follows:
Q: Well how many applicants are on that page?
A: Eighteen.
Q: If there were eighteen applicants, do you believe you scored eighteen applicants?
A: No, I don't remember scoring that many. I don't remember seeing all these names.

answers he might give testifying at trial. ECF No. 87, p. 6-7. Plaintiff notes that two defense counsel were present for Mr. Green's deposition and that Defendants never questioned Mr. Green or showed him any additional documents in their possession to clarify his testimony. Plaintiff further notes that Mr. Green never clarified or changed his sworn testimony after his deposition. Plaintiff contends that it would be clearly appropriate to cross examine Mr. Green with his prior sworn testimony if questioning at trial regarding the number of resumes he scored elicits answers that appears contradictory to the answers in his deposition.

The Court finds that questioning regarding the number of resumes Mr. Green scored should be permitted. Evidence of the application process for choosing the position at issue in this matter and whether the proffered procedures were followed are potentially probative of Plaintiff's hiring discrimination claims. Defendants overstate the potential confusion that may emerge if Mr. Green is questioned about the number of resumes he scored. Defendants have documentation of the number of resumes that Mr. Green scored and have an opportunity to contest any impeachment by Plaintiff regarding his deposition answers in which he claims he does not remember the amount he scored. The general rule in favor of admissibility and the Court's view that the chance of jury confusion is low supports allowing questioning on this issue. *See R.H. Macy & Co., Inc.*, 712 F.2d at 1244. Accordingly, the Court will permit questioning Mr. Green on the number of resumes he scored during the applicant selection process for the position at issue in this matter.

## III. Conclusion

For the reasons stated above, Defendants' Motion in Limine (ECF No. 84) is hereby **GRANTED IN PART** and **DENIED IN PART**. Plaintiff questioning Mr. Porter regarding the investigation and transfer and questioning Mr. Johnson regarding the letter of reprimand will not be permitted. Plaintiff questioning Mr. Green regarding the number of resumes he scored is permitted.

**IT IS SO ORDERED**, this 8th day of December, 2021.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge